**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDY BURCH and DAVID CAVOTO,
on their own behalf, and on behalf of all
similarly situated individuals,

           CASE NO.:

   Plaintiffs,
vs.

W.R. SAINSBURY IRRIGATION INC., a
Florida Profit Corporation, and WILLIAM
SAINSBURY, Individually,

   Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

ANDY BURCH and DAVID CAVOTO ("Plaintiffs"), were employees of Defendants, W.R. SAINSBURY IRRIGATION INC., a Florida Profit Corporation ("W.R.SAINSBURY"), and WILLIAM SAINSBURY ("SAINSBURY"), individually, (collectively "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and costs.

7. This Court has jurisdiction over Plaintiffs claims pursuant to 28 U.S.C. §1331 and the FLSA. At all times material hereto, Plaintiffs were residents of Pasco County, Florida.

8. W.R. SAINSBUR and WILLIAM SAINSBURY, conduct business in, among others, Pasco County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

9. Defendant, W.R. SAINSBURY, a Florida Profit Corporation, provides underground sprinkler and irrigation services to the public.

10. Defendant, William Sainsbury is the owner of the company and controlled and/or was responsible for the work of the Plaintiffs.

11. Plaintiffs did a specific job, including but not limited to: traveling to customers' property to fix or maintain the irrigation water lines and sprinklers, which is an integral part of the business of W.R. Sainsbury.

12. The Plaintiffs in this action were employed by Defendants as laborers providing sprinkler maintenance for Defendant W.R. SAINSBURY's customers.

13. Plaintiff, Andy Burch was employed from on or around June 22, 2017 through September 22, 2018.

14. Plaintiff David Cavoto was employed from on or around July 6, 2014 through June 20, 2018.

## COVERAGE

15. At all material times during the last three years, Defendant W.R. SAINSBURY was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

16. At all material times during the last three years, Defendant W.R. SAINSBURY was an employer as defined by 29 U.S.C. § 203(d).

17. Based upon information and belief, Defendant W.R. SAINSBURY has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time period.

18. At all times material, Defendant W.R. SAINSBURY has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. office supplies, telephones, trucks, GPS and tools).

19. Therefore, Defendant W.R. SAINSBURY is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

20. Defendant, W.R. SAINSBURY, is a company classified as an irrigation maintenance & design company.

21. Defendants were "employers" of Plaintiffs within the meaning of the FLSA.

22. Plaintiffs were employees of Defendants within the meaning of the FLSA.

23. Plaintiffs performed labor and maintenance duties for Defendants.

24. Plaintiffs earned an hourly rate in exchange for work performed during the last three (3) years.

25. Plaintiffs routinely worked in excess of forty (40) hours per week as part of his regular job duties.

26. Despite working more than forty (40) hours per week during one or more workweeks, Defendants failed to pay Plaintiffs proper overtime compensation at a rate of time

and one-half times his regular rate of pay for hours worked over forty (40) in a workweek, contrary to 207 (a) of the FLSA.

27. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiffs.

28. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

29. Defendants have acted willfully in failing to pay Plaintiffs in accordance with the law.

30. Defendants failed to maintain proper time records as mandated by law.

31. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

32. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-31 above.

33. Plaintiffs were entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

34. During the relevant time period (the last three years) during their employment with Defendants, Plaintiffs worked overtime hours, but were not paid time and one-half compensation for same during one or more workweeks.

35. Defendants had knowledge of the overtime hours worked by Plaintiffs.

36. Defendants were aware of laws which required employees to be paid at time and one half their regular rate of pay for hours worked over forty (40) within a workweek.

37. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiffs have suffered damages, plus incurred reasonable attorneys' fees and costs.

38. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

39. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants;

   a. Awarding Plaintiffs overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek as allowable under the FLSA statute of limitations period;

   b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

   c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

   d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 30th day of August, 2019.

MORGAN & MORGAN, P.A.

*/s/Brianna A. Jordan*
**BRIANNA A. JORDAN**
Florida Bar Number: 1000982
**Morgan & Morgan, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Direct No. 813-393-5457
Facsímile: 813-393-5481
E-mail: bjordan@forthepeople.com
***Attorney for Plaintiffs***